# UNITED STATES BANKRUPTCY COURT
## NORTHERN **DISTRICT OF** ILLINOIS
## EASTERN **DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | |
| Bradley J Joda | § | Case No. 15-07077 |
| Karen M Joda | § | |
| | § | |
| Debtors | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter  7  of the United States Bankruptcy Code was filed on 02/28/2015 .   The undersigned trustee was appointed on  02/28/2015 .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of          $          13,532.57

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

Leaving a balance on hand of[1]          $          13,532.57

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was  08/27/2015  and the deadline for filing governmental claims was  08/27/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,301.76 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 1,301.76 , for a total compensation of $ 1,301.76 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/22/2016 _____        By:/s/Cindy M. Johnson _____
                                                 Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit A

| | | |
|---|---|---|
| Case No: | 15-07077 | BWB |
| Case Name: | Bradley J Joda | |
| | Karen M Joda | |
| For Period Ending: | 04/22/2016 | |

| | |
|---|---|
| Judge: | Bruce W. Black |

| | |
|---|---|
| Trustee Name: | Cindy M. Johnson |
| Date Filed (f) or Converted (c): | 02/28/2015 (f) |
| 341(a) Meeting Date: | 03/30/2015 |
| Claims Bar Date: | 08/27/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1.  Real Estate Located At 24961 Old Oak Lane, Shorewood Il 6040 | 657,369.00 | 657,369.00 | | 0.00 | FA |
| 2.  Checking and Savings with First Northern Credit | 84.93 | 50.00 | | 0.00 | FA |
| 3.  Children's Custodial Checking Account with Chase | 649.61 | 0.00 | | 0.00 | FA |
| 4.  Checking account with Chase Bank | 17,034.56 | 4,937.00 | | 13,532.57 | FA |
| 5.  Miscellaneous Used Household Items | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 6.  Miscellaneous Used Books, Collectables | 250.00 | 250.00 | | 0.00 | FA |
| 7.  Miscellaneous Clothing | 750.00 | 750.00 | | 0.00 | FA |
| 8.  Miscellaneous jewelry J | 300.00 | 300.00 | | 0.00 | FA |
| 9.  401(k) | 352,726.00 | 310,000.00 | | 0.00 | FA |
| 10.  Pension | Unknown | 0.00 | | 0.00 | FA |
| 11.  Surs | 2,564.00 | 0.00 | | 0.00 | FA |
| 12.  2007 BMW X3 with 100,000 miles | 8,125.00 | 8,125.00 | | 0.00 | FA |
| 13.  1991 Chevrolet Corvette with 50,000 miles | 4,236.00 | 4,236.00 | | 0.00 | FA |
| 14.  2001 Mercedes CLK 430 with 95,000 miles | 3,625.00 | 3,625.00 | | 0.00 | FA |
| 15.  1998 BMW 740 with 156,000 miles | 625.00 | 625.00 | | 0.00 | FA |
| 16.  2 Anniversary Rings | 900.00 | 900.00 | | 0.00 | FA |
| 17.  Paypal Account | 214.00 | 214.00 | | 0.00 | FA |
| INT.  Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $1,050,453.10     $992,381.00          $13,532.57          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee investigating bank accounts.

Initial Projected Date of Final Report (TFR): 05/18/2017          Current Projected Date of Final Report (TFR): 05/18/2017

FORM 2

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | | | |
|---|---|---|---|
| Case No: 15-07077 | | Trustee Name: Cindy M. Johnson | Exhibit B |
| Case Name: Bradley J Joda | | Bank Name: Bank of Kansas City | |
| Karen M Joda | | Account Number/CD#: XXXXXX0198 | |
| | | Checking | |
| Taxpayer ID No: | | Blanket Bond (per case limit): $55,728,000.00 | |
| For Period Ending: 04/22/2016 | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/19/15 | 4 | Bradley J. Joda and Karen M. Joda 24961 Old Oak Ln Shorewood, IL 60404 | Bank Account | 1129-000 | $13,532.57 | | $13,532.57 |
| 02/18/16 | 101 | Adams Levine 370 Lexington Ave. Suite 1101 New York, NY 10017 | 2016 Blanket Bond Reversal Check Voided due to miscalculation of premium amount | 2300-000 | | ($7.84) | $13,540.41 |
| 02/18/16 | 101 | Adams Levine 370 Lexington Ave. Suite 1101 New York, NY 10017 | 2016 Blanket Bond | 2300-000 | | $7.84 | $13,532.57 |

| | | |
|---|---|---|
| COLUMN TOTALS | $13,532.57 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $13,532.57 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $13,532.57 | $0.00 |

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0198 - Checking | $13,532.57 | $0.00 | $13,532.57 |
| | $13,532.57 | $0.00 | $13,532.57 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $13,532.57 |
| Total Gross Receipts: | $13,532.57 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 15-07077                                                                                          Date: April 22, 2016

Debtor Name: Bradley J Joda

Claims Bar Date: 8/27/2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Cindy M. Johnson<br>140 S. Dearborn St., Suite 1510<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $1,301.76 | $1,301.76 |
| 1 300 7100 | Pyod, Llc Its Successors And<br>Assigns As Assignee<br>Of Citibank, N.A.<br>Resurgent Capital Services<br>Po Box 19008<br>Greenville, Sc 29602 | Unsecured | | $0.00 | $4,205.22 | $4,205.22 |
| | Case Totals | | | $0.00 | $5,506.98 | $5,506.98 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-07077
Case Name: Bradley J Joda
          Karen M Joda
Trustee Name: Cindy M. Johnson

Balance on hand                         $         13,532.57

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Cindy M. Johnson | $        1,301.76 | $        0.00 | $        1,301.76 |

Total to be paid for chapter 7 administrative expenses    $         1,301.76

Remaining Balance                                         $        12,230.81

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 4,205.22  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  100.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Pyod, Llc Its Successors And Assigns As Assignee | $          4,205.22 | $          0.00 | $          4,205.22 |

Total to be paid to timely general unsecured creditors          $          4,205.22

Remaining Balance          $          8,025.59

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE


    To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of  0.2 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 10.65 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.


    The amount of surplus returned to the debtor after payment of all claims and interest is $ 8,014.94 .